UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZANE HUBBARD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>B.J. WEAVER, et al<br><br>　　　　Defendants. | 1:13-cv-01755-MJS<br><br>ORDER DISMISSING PLAINTIFF'S ACTION FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 12) |

　　　　On October 23, 2013, Zane Hubbard ("Plaintiff"), an individual proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983.  (ECF No. 1.) Plaintiff has consented to Magistrate Judge jurisdiction.  (ECF No. 8.)

　　　　The Court screened Plaintiff's initial Complaint and dismissed it for failure to state a claim, but gave leave to amend.  (ECF No. 11.)  Plaintiff has since filed a First Amended Complaint (Am. Compl., ECF No. 12), which is now before the Court for screening.  No other parties have appeared in this action.

**I.    SCREENING REQUIREMENT**

　　　　The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. §

1

1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

## II. PLAINTIFF'S CLAIMS

Plaintiff is currently housed at California State Prison in Corcoran, California. He names the following individuals as Defendants: 1) R.J. Weaver, and 2) the Hon. Michael J. Seng.

Plaintiff's allegations are as follows:

Magistrate Judge Seng has violated Plaintiff's rights by refusing to allow any of Plaintiff's legal actions to proceed. He is prejudiced against Plaintiff's legal actions and should be held in contempt.

Plaintiff asks that his claim be reinstated and he be transferred to Pelican Bay State Prison.

## II. ANALYSIS

### A. 42 U.S.C. § 1983 Claims

42 U.S.C. § 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). § 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a

2

right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

**B. Linkage**

Under § 1983, Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Ashcroft v. Iqbal, 556 U.S. 662, 676-77 (2009); Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Liability may not be imposed on supervisory personnel under the theory of respondeat superior, as each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 676-77; Ewing, 588 F.3d at 1235. Supervisors may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

Plaintiff has failed to link Defendant Weaver to any alleged wrongdoing in his First Amended complaint. In order to state a claim against this Defendant, Plaintiff should have alleged how Defendant Weaver personally participated in a deprivation of Plaintiff's rights. Plaintiff has failed to do this despite having been instructed of the need to do so and having been given the opportunity to do so. No useful purpose would be served by instructing him once again and giving him another opportunity to correct the omission. He will not be given leave to amend as to this purported Defendant.

**C. Claims Against Magistrate Judge Seng**

Plaintiff raises several claims against Magistrate Judge Seng, the undersigned federal judge who, while acting in his judicial capacity, previously denied several of Plaintiff's claims.

The undersigned is absolutely immune from liability for the actions he took in his judicial capacity. Mullis v. U.S. Bankruptcy Court, Dist. of Nevada, 828 F.2d 1385, 1394 (9th Cir. 1987), cert. denied, 486 U.S. 1040 (1988). "'A judge will not be deprived of immunity because

the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction.'" Mullis, 828 F.2d at 1388 (quoting Stump v. Sparkman, 435 U.S. 349, 356–3571 (1978)). A clear absence of all jurisdiction means a clear lack of all subject matter jurisdiction. Id. at 1389. Judicial immunity is not lost by allegations that a judge conspired with a third party. As long as the judge's ultimate acts are judicial actions taken within the court's subject matter jurisdiction, immunity applies. Ashelman v. Pope, 793 F.2d 1072, 1078 (9th Cir. 1986).

Based on the foregoing, Plaintiff has failed to state any claim against Magistrate Judge Seng. Plaintiff will not be given leave to amend his claims against the undersigned.

## IV.   CONCLUSION AND ORDER

Plaintiff's First Amended Complaint fails to state any claims upon which relief may be granted under section 1983. Plaintiff was previously notified of the deficiencies in his claims and given leave to amend. Based on the nature of the deficiencies at issue, the Court finds that further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Accordingly, the Court ORDERS that Plaintiff's action be dismissed for failure to state any claims under 42 U.S.C. § 1983. This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g). Silva v. Vittorio, 658 F.3d 1090, 1098-1099 (9th Cir. 2011).

IT IS SO ORDERED.

Dated:   May 30, 2014                           /s/ *Michael J. Seng*
                                                UNITED STATES MAGISTRATE JUDGE

4